IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL HAYNES,

    Plaintiff,

v.                                               CASE NO. 1:12-cv-37-SPM-GRJ

UCI FOOD SERVICE et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Michael Haynes, DOC #113299, a Florida inmate presently confined at Union Correctional Institution (UCI), initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 1 and 2). Plaintiff contends that his rights were violated because he has been receiving "underserved" portions of food and recites at length his meals and serving sizes since December 2011. All defendants are employees at U.C.I. It is thus clear that this case should have been filed in the Middle District of Florida. *See* 28 U.S.C § 1391(b).

        Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."

        In this case, dismissal rather than transfer is warranted for two reasons: (1) Plaintiff previously filed numerous cases in this Court that should have been filed in the Middle District, and as a consequence this Court barred Plaintiff from filing any lawsuits in this district without prior leave of Court. *See Haynes v. Union Correctional Institution*, Case Nos. 1:08-cv-3-MP-AK, Docs. 4 & 5 (N.D. Fla. 2/26/08) (lead case). This case

was filed in contravention of that Order.  (2) Plaintiff has been barred from proceeding *in forma pauperis* pursuant to the three-strikes rule, 28 U.S.C § 1915(g).  *See Haynes v. UCI Secretary*, Case No. 3:08-cv-465-J-32TEM, Doc. 3 (M.D. Fla. 5/15/08) (dismissing case pursuant to three-strikes bar, citing cases that qualify as strikes, and noting that Plaintiff has filed approximately 80 cases in that district).  Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury, such that he falls within the exception to the application of the three-strikes bar.  *See*   28 U.S.C § 1915(g).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1.  That leave to proceed as a pauper (Doc. 2) be **DENIED.**

2.  That pursuant to 28 U.S.C § 1915(g), this case be **DISMISSED WITHOUT PREJUDICE**.

3.  That pursuant to the Court's order in Case No. 1:08-cv-3-MP-AK, Doc. 5, the **Clerk** be directed not to file further lawsuits submitted by Plaintiff until the pleadings are reviewed by the Court and leave granted for such filing.

**IN CHAMBERS** this 23rd day of February 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**